UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RICKEY LYNCH,

Plaintiff,

- against -

SUFFOLK COUNTY, VINCENT F. DEMARCO, JOSEPH T. CARACAPPA, JOHN P. MEYERRICKS, and SUFFOLK COUNTY SHERIFF'S OFFICE,

Defendants.

---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-6717 (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this 42 U.S.C. § 1983 action, is Defendants', Suffolk County (the "County"), the Suffolk County Sheriff's Office (the "Sheriff's Office"), former Sheriff Vincent F. DeMarco and former Undersheriffs Joseph T. Caracappa and John P. Meyerricks (collectively, the "Individual Defendants" and together with the County, and the Sheriff's Office, the "Defendants") partial motion to dismiss. *See* Defendants' Memorandum of Law in Support of Partial Motion to Dismiss ("Defs.' Mem."), Docket Entry ("DE") [17-1]; *see also* Defendants' Reply Memorandum of Law in Further Support of Partial Motion to Dismiss (Defs.' Reply"), DE [19]. Plaintiff Rickey Lynch ("Plaintiff" or "Lynch") opposes the motion in part. *See* Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss ("Pl.'s Opp."), DE [18].

By way of Complaint filed December 4, 2025, DE [1], (the "Complaint" or "Compl."), Lynch commenced this action, asserting claims arising from allegedly unconstitutional conditions of confinement and inadequate medical care at Suffolk County Correctional Facility ("SCCF"). *See generally,* Compl. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, pre-and post-judgment interest, and attorneys' fees arising from the injuries allegedly sustained during his confinement.

Defendants seek partial dismissal of the Complaint, including the claims against the Sheriff's Office and Individual Defendants, as well as Plaintiff's claims for negligent and reckless infliction of emotional distress and alleged violations of N.Y. Correct. Law § 500-c and N.Y. Pub. Health Law § 1300. *See* Defs.' Mem. at 1–2, 4–16. For the reasons set forth below, Defendants' partial motion to dismiss is GRANTED in part and DENIED in part. Specifically, (1) the claims against the Sheriff's Office are dismissed as the Sheriff's Office cannot be sued as an independent entity; (2) the claims against the Individual Defendants are dismissed, primarily because Plaintiff has not plausibly alleged their personal involvement, and independently because the claims are time-barred; (3) Plaintiff's negligent and reckless infliction of emotional distress claims are dismissed as untimely; and (4) any alleged claims under N.Y. Correct. Law § 500-c or N.Y. Pub. Health Law § 1300 are dismissed because Plaintiff clarifies that he does not assert those provisions as supporting independent causes of action.

# I. BACKGROUND

## A. Relevant Facts[1]

### 1. *The Parties*

Plaintiff was incarcerated at SCCF from July 28, 2010 through October 2011. Compl. ¶¶ 1, 24. Lynch alleges that he was subjected to chronically overcrowded, unsanitary, and unsafe conditions, including sewage intrusion, mold, vermin, contaminated water and food, inadequate ventilation, and extreme temperatures. *Id.* ¶¶ 25–30. Plaintiff further contends that he developed a fungal infection, was prescribed systemic terbinafine (Lamisil), and thereafter developed renal injury that progressed to chronic kidney disease. *Id.* ¶¶ 31–38.

The Complaint alleges that County officials were repeatedly placed on notice of hazardous conditions through inmate grievances, inspections, internal reports, and reports by the New York State Commission of Correction. *Id.* ¶ 32. With respect to the Individual Defendants, Lynch states that DeMarco served as Sheriff and exercised final policymaking authority over SCCF operations, while Caracappa and Meyerricks served as Undersheriffs with supervisory responsibility over SCCF operations, sanitation, maintenance, housing conditions, and medical access. *Id.* ¶¶ 16–19. The Complaint further alleges that the Individual Defendants knew or should have known of the dangerous conditions at SCCF and failed to take corrective action. *Id.* ¶ 32.

[1] The facts herein are taken from the Complaint and are accepted as true for purposes of this Memorandum and Order.

2. *The Butler Action*

Lynch was a previously named plaintiff and class representative in *Butler v. Suffolk County*, No. 11-cv-02602 (JS) (the "Butler Action"). Compl. ¶¶ 2–4. The operative class complaint in *Butler* named the County and the three Individual Defendants, and asserted claims arising from allegedly unconstitutional conditions at SCCF. Defs.' Mem. at 2; Pl.'s Opp. at 1–2. By Order dated March 19, 2013, the *Butler* court dismissed the claims against the Individual Defendants without prejudice for failure to adequately plead supervisory liability, while granting leave to file a Second Consolidated Class Action Complaint correcting the pleading defects within 30 days. Defs.' Mem. at 5 (citing Declaration of E. Christopher Murray ("Murray Decl.") Ex. C). By Electronic Order dated April 10, 2013, the *Butler* court clarified that the 30-day deadline did not foreclose a later motion to replead under Fed. R. Civ. P. 15(a)(2). Pl.'s Opp. at 6 (quoting Murray Decl. Ex. E). The *Butler* plaintiffs did not thereafter replead those claims. Defs.' Mem. at 5–6.

The Butler Action continued against the County and proceeded to a class settlement. Compl. ¶ 3. The Court issued preliminary approval and disseminated notice on May 27, 2025. *Id.* On September 8, 2025, Lynch timely submitted a Settlement Class Opt-Out Request, DE [729] on the *Butler* docket, and expressly declined to be bound by the settlement or resulting judgment. Compl. ¶ 3. He commenced this action on December 4, 2025 naming Suffolk County, the Sheriff's Office, and the Individual Defendants (now sued in their individual and former official capacities).

The Complaint asserts constitutional claims under 42 U.S.C. § 1983, including under the Fourteenth Amendment (Count I), and the Eighth Amendment (Count II); and state law negligence claims (Counts III and IV). Compl. ¶¶ 48–77. Paragraph 73 on the Complaint additionally alleges negligent and reckless infliction of emotional distress, while paragraph 74 references duties under N.Y. Correct. Law § 500-c and N.Y. Pub. Health Law § 1300. *Id.* ¶¶ 73–74.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. But a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. at 1966). To survive a motion to dismiss, a complaint, however, "does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014).

In assessing a Rule 12(b)(6) motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics, Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted).

## III. DISCUSSION

### A. Claims Against Suffolk County Sheriff's Office Are Dismissed

Plaintiff "does not object to the Office of the Sheriff being removed from this action," conceding it is "the administrative arm of the County" and not a suable entity distinct from the County. Pl.'s Opp. at 7 (quoting Defs.' Mem. at 4). Accordingly, claims against the Sheriff's Office are dismissed on consent.[2]

[2] Under New York law, municipal departments are deemed administrative arms of the municipality and lack a legal identity separate from the municipality itself. *See Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). In fact, courts in this District have specifically held that the Suffolk County Sheriff's Office is an administrative arm of Suffolk County and lacks an independent legal identity. *See Cavalea v. Dr. Jane*, No. 10-CV-4602 (JS)(WDW), 2011 WL 795891, at *3 (E.D.N.Y. Feb. 28. 2011); *Mallahan v. Suffolk Cnty. Sheriff's Off.*, No. 18-CV-4316(JS)(GRB), 2018 WL 4100499, at *2 (E.D.N.Y. Aug. 28, 2018). Consequently, even if Lynch had not consented, the claims against the Sheriff's Office would be dismissed on this basis.

### B. Res Judicata Does Not Preclude Claims Against the Individual Defendants

Defendants contend that the claims against the Individual Defendants are barred by res judicata based on the *Butler* litigation.[3] Defs.' Mem. at 4–6. The argument is unavailing.

Res judicata requires (1) a prior final judgment on the merits, (2) involving the same parties or their privies, and (3) claims arising from the same transaction or occurrence. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171 (2008); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–02, 121 S. Ct. 1021, 1024–25 (2001).

Defendants' failure to establish finality is fatal to its position. The parties agree that here, the *Butler* court dismissed the claims against the Individual Defendants without prejudice and granted the plaintiffs leave to amend and file a second consolidated amended complaint correcting the pleading deficiencies. Defs.' Mem. at 5–6; Pl.'s Opp. at 6 (quoting Murray Decl. Ex. E). The court later clarified that the plaintiffs retained the ability to seek leave to replead pursuant to Fed. R. Civ. P. 15(a)(2). Defs.' Mem. at 5–6.

A dismissal without prejudice for pleading deficiencies is not an adjudication on the merits for purposes of claim preclusion. *See Semtek Int'l Inc.,* 531 U.S. 497, 505–06, 121 S. Ct. 1021, 1026–27; *see also Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336–37, 78 S. Ct. 764, 765–66 (1958) (holding that dismissal with leave to amend does

---

[3] Defendants also raise these defenses with respect to claims against the Sheriff's Office. As discussed above, the Sheriff's Office is dismissed as a party, therefore this argument is mooted as to that entity.

not constitute a final judgment where the action remains pending for further proceedings). Nor does the label "on the merits" resolve the question, since claim-preclusion turns on whether the prior disposition actually resolved the parties' substantive rights. *Semtek Int'l Inc.*, 531 U.S. at 503–06, 121 S. Ct. at 1025–27 (explaining that a judgment does not have claim-preclusive effect merely because it is designated a judgment "on the merits"). Accordingly, there has been no final judgment upon which to base a res judicata argument.

Defendants' reliance on *Cho v. Blackberry Ltd.*, 991 F.3d 155 (2d Cir. 2021) is misplaced. In *Cho*, the Second Circuit held that a prior dismissal had become final because the dismissed plaintiffs failed to appeal the judgment. *Cho*, 991 F.3d 155 at 167–68. Here, by contrast, the *Butler* court expressly dismissed the claims against the Individual Defendants without prejudice and permitted amendment. Defs.' Mem. at 5–6. The procedural history does not establish the type of final adjudication necessary for the application of claim preclusion here.

Additionally, Lynch's timely exclusion from the *Butler* settlement class does not alter this conclusion. Class members who opt out of a Fed. R. Civ. P. 23(b)(3) class are not bound by the resulting judgment or settlement and retain the right to litigate individual claims separately. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, 105 S. Ct. 2965, 2974–75 (1985). Plaintiff alleges that he timely opted out and sought to preserve his individual claims. Compl. ¶ 3. Accordingly, Defendants' res judicata defense is rejected.

### C. Judicial Estoppel Does Not Preclude Claims Against the Individual Defendants

Defendants also invoke judicial estoppel based principally on the *Butler* plaintiffs' failure to replead claims against the Individual Defendants after the 2013 dismissal. Defs.' Mem. at 5–6. This argument also fails.

Judicial estoppel is an equitable doctrine and requires that (1) a party's later position be clearly inconsistent with an earlier one, (2) the earlier position was adopted by a court, and (3) the party asserting the inconsistent positions would derive an unfair advantage or impose an unfair detriment on the opposing party. *New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 S. Ct. 1808, 1814–15 (2001); *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037–38 (2d Cir. 1993). Estoppel applies only where a prior court "actually adopts" a party's position. *Adelphia Recovery Tr. v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014); *Bates*, 997 F.2d at 1037–38.

Defendants have not identified a clearly inconsistent factual position adopted by the *Butler* court. The dismissal-with-leave-to-amend order in *Butler* reflects no judicial adoption of any position regarding the Individual Defendants' liability - rather it left the question open. The court's subsequent clarification that the plaintiffs could later seek leave to amend under Rule 15(a)(2) further undermines any contention that the court adopted a factual or legal determination that the Individual Defendants could not be liable. The *Butler* plaintiffs' decision not to exercise a preserved right to replead is, at most, a procedural choice, not a judicially accepted factual or legal position triggering estoppel. *See Adelphia Recovery Tr.*, 748 F.3d at 116–17 (estoppel does not attach to mere litigation strategy).

Nor have Defendants shown the type of unfair advantage that warrants the extraordinary remedy of judicial estoppel. *Id.* Plaintiff's position—that he may pursue his own individual claims after opting out of the class settlement—is not inherently inconsistent with the class representatives' prior litigation decisions. Accordingly, the Defendants' judicial-estoppel defense is also rejected.

**D. Claims Against the Individual Defendants Are Nevertheless <u>Dismissed</u>**

Although res judicata and estoppel do not bar the claims against the Individual Defendants, these claims are dismissed because they fail to allege personal involvement, and independently, are time-barred.

1. *Claims Against Individual Defendants Fail to Plead Personal Involvement*

The Complaint fails to plausibly plead each Individual Defendant's personal liability required by Section 1983. Section 1983 does not impose liability based on respondeat superior, as "[t]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft*, 556 U.S. at 676, 129 S. Ct. at 1948). The pre-*Ashcroft* categories of supervisory liability recited in the Complaint — direct participation, failure to remedy, policy creation, grossly negligent supervision, and failure to train (Compl. ¶ 19) — do not, standing alone, substitute

for pleading that the constitutional standard itself is met as to *each* defendant individually. *Tangreti*, 983 F.3d at 612, 618.

For a viable Section 1983 claim, the plaintiff must plausibly allege at least that each defendant personally knew of and disregarded a substantial risk of serious harm. *Tangreti*, 983 F.3d at 616–19; *see Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994) (holding that an Eighth Amendment violation requires that a prison official actually knew of and disregarded an excessive risk of serious harm to inmate safety or health.). The requisite knowledge must be tied to *that defendant*, not to Suffolk County or "policymakers" generically. *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 620 (2d Cir. 2020).

Here, the Complaint generally alleges only that DeMarco was Sheriff and that Caracappa and Meyerricks were Undersheriffs with responsibility for SCCF operations. Compl. ¶¶ 16–19. The operative allegations against DeMarco, Caracappa, and Meyerricks include their titles and general policymaking authority, *id.*; that Caracappa, as a former legislator, sat on a Public Safety Committee and was thereby "placed on notice of systemic deficiencies," *id.* ¶ 17; and that "Sheriff DeMarco and his Undersheriffs publicly acknowledged overcrowding and deteriorating infrastructure yet failed to take corrective action," *id.* ¶ 32. The Complaint further asserts, collectively, that the Individual Defendants knew or should have known about the conditions and failed to correct them. *Id.* ¶¶ 19, 32. None of these allegations connects any Individual Defendant to Lynch specifically, or identify a particular act by DeMarco, Caracappa, or Meyerricks that caused or perpetuated a

constitutional deprivation suffered by Plaintiff. For example, there are no allegations that any particular Individual Defendant personally saw the particular housing units in which Lynch was confined, received one of Plaintiff's grievances, personally reviewed his medical records, knew of his fungal infection or renal abnormalities, directed the provision or deprivation of any medical services, or personally made or enforced a particular policy that caused Lynch's injury.

Plaintiff's Opposition does not cure this deficiency. It principally relies on the Individual Defendants' positions within the Sheriff's Office and alleges that they were responsible for institutional operations and were placed on notice of systemic hazards. Pl.'s Opp. at 12–18. But a supervisory position, standing alone, is insufficient after *Tangreti*. *See* 983 F.3d at 618. Likewise, an allegation that an official "should have known" of a risk does not establish the subjective knowledge required for deliberate indifference. *Id.* at 616–19. Moreover, general awareness of facility-wide overcrowding is not equivalent to knowledge of the medical failure alleged to have caused Plaintiff's injuries. *See Singletary v. Tomarken*, No. 13-CV-04727 (JG) (LB), 2013 WL 5302201, at *2 (E.D.N.Y. Sept. 19, 2013) (dismissing claims where defendants were not alleged to have had involvement in the specific deprivation of medical treatment); *see also Culpepper v. Toulon*, No. 21-CV-6553 (JS)(LGD), 2023 WL 6460887, at *2–3 (E.D.N.Y. Oct. 4, 2023); *Guzman v. Jacobson*, No. 97-CV-3385 (FB), 1999 WL 14667, at *2 (E.D.N.Y. Jan. 11, 1999).

The Complaint's allegations concerning the general condition of SCCF may plausibly support claims against the County, an issue not presently before the Court.

But they do not, without more particularized allegations connecting each Individual Defendant to the alleged constitutional violations, state a claim against those defendants in their individual capacities. Accordingly, the claims against the Individual Defendants are dismissed for failure to plead personal involvement.

2. *Claims Against the Individual Defendants are also Time-Barred*

Although a statute-of-limitations defense generally is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate when the allegations in the complaint show that the claim is barred by the statute of limitations. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 408 (2d Cir. 2008).

Claims under Section 1983 arising in New York are subject to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Although the filing of a class action may toll the limitations period for individual class members under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552–54, 94 S. Ct. 756 (1974), tolling is tied to the claims and defendants placed at issue in the prior class action. *See Cullen v. Margiotta*, 811 F.2d 698, 726 (2d Cir. 1987), *cert. denied*, 483 U.S. 1021, 107 S.Ct 3266 (1987), *overruled on other grounds*, *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 107 S. Ct. 2759 (1987). The Second Circuit has specifically explained that *American Pipe* tolling is unavailable against persons who were not defendants in the prior class action because the purpose of tolling is to ensure that the defendant receives notice of the claims and the evidence that may be required. *Id.* Conversely, where a defendant is definitively dropped from a class action, courts have held that tolling ends as to claims against that defendant

because class members can no longer reasonably rely upon the class action to preserve those causes of action. *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 150 (E.D.N.Y. 2012).

Here, the Individual Defendants were named in the Butler Action, but the claims against them were dismissed without prejudice in March 2013 and were never repleaded. Defs.' Mem. at 5–6. Accordingly, as of March 2013, Plaintiff could no longer reasonably rely upon the Butler Action to litigate claims against those defendants. The claims against the Individual Defendants therefore accrued, at the latest, when Plaintiff was exposed to the alleged conditions and suffered the resulting injuries, and the class-action tolling relied upon by Plaintiff did not preserve claims against the Individual Defendants from March 2013 onwards.

The Complaint alleges that Lynch's last exposure to SCCF conditions occurred no later than July 2014. Compl. ¶ 4. His December 2025 action therefore cannot be timely as against the Individual Defendants whose claims ceased being part of the Butler Action in 2013. Accordingly, as an additional and independent basis, the claims against the Individual Defendants are dismissed as time-barred.

**E. Claims of Negligent and Reckless Infliction of Emotional Distress <u>are Dismissed</u>**

Defendants move to dismiss the negligent and reckless infliction of emotional distress claims alleged in paragraph 73 of the Complaint. Defs.' Mem. at 12–14.

Plaintiff expressly concedes to dismissal of these newly asserted state-law claims as time-barred. Pl.'s Opp. at 18. Accordingly, these claims are dismissed on consent.

This dismissal, however, does not preclude Lynch from seeking emotional distress damages that are otherwise recoverable as damages flowing from his surviving constitutional claims. *Carey v. Piphus*, 435 U.S. 247, 263–65, 98 S. Ct. 1042, 1052–53 (1978); *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306–07, 106 S. Ct. 2537, 2542–43 (1986).

### F. No Independent Claims Under N.Y. Correct. Law § 500-c or N.Y. Pub. Health Law § 1300 Remain

Defendants also move to dismiss alleged claims under N.Y. Correct. Law § 500-c and N.Y. Pub. Health Law § 1300 on the ground that those statutes do not create a private right of action. Defs.' Mem. at 14–16. Plaintiff clarifies that the Complaint does not assert an independent cause of action under either statute. Pl.'s Opp. at 4, 18–20. Rather Lynch contends that the cited statutes are pleaded as evidence of duty and notice bearing on the negligence and Section 1983 claims. *Id.* That position is consistent with the text of the Complaint, which states that the alleged statutory breaches "constitute further evidence of negligence and deliberate indifference within the meaning of this Complaint." Compl. ¶ 74. Further, neither statute contains an express or fairly implied private right of action. Accordingly, there is no independent statutory cause of action for the Court to dismiss.

## IV. CONCLUSION

For the reasons set forth above, Defendants' partial motion to dismiss is GRANTED in part and DENIED in part as follows:

(1) GRANTED (on consent) as to the Suffolk County Sheriff's Office, which is dismissed as a non-suable entity;

(2) DENIED on res judicata and judicial estoppel grounds;

(3) GRANTED as to the Section 1983 and state constitutional claims against DeMarco, Caracappa, and Meyerricks for failure to plead personal involvement in the asserted constitutional violations and, independently, because those claims are time-barred;

(4) GRANTED (on consent) as to the negligent/reckless infliction of emotional distress claim (Compl. ¶ 73), as time-barred; and

(5) GRANTED as to any alleged claims under N.Y. Correct. Law § 500-c and N.Y. Pub. Health Law § 1300 (Compl. ¶ 74). The statutes may be considered, to the extent otherwise relevant and admissible, as evidence supporting Plaintiff's surviving claims.

Suffolk County remains a defendant on all counts.

Dated: Central Islip, New York
September 22, 2026

**SO ORDERED**

/s/ *Steven I. Locke*
STEVEN I. LOCKE
United States Magistrate Judge